UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KIMBERLY COUNCIL and LINDA COUNCIL,   **NOT FOR PUBLICATION**

        Plaintiffs,   **MEMORANDUM & ORDER**
                                        04-CV-5620 (NGG)(VVP)

    - against -

BETTER HOMES DEPOT, INC., et. al.,

        Defendants.
-------------------------------------------------------------X

GARAUFIS, District Judge.

    Plaintiffs Linda Council and Kimberly Council ("Plaintiffs") seek declaratory judgment under the Administrative Procedure Act ("APA"), 5 U.S.C. § 203, and the Declaratory Judgment Act, 28 U.S.C. § 2201, that Defendant United States Department of Housing and Urban Development ("Defendant" or "HUD") has a legal obligation under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3608, "affirmatively to further" fair housing by exercising due diligence in issuing mortgage insurance pursuant to the National Housing Act, 12 U.S.C. §§ 1708-1709. (Compl. ¶¶ 149-54.)

    Defendant now moves to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, HUD's motion is DENIED.

**I.  BACKGROUND**

    The facts as stated in the Complaint are deemed true for the purposes of this motion. Plaintiffs are joint owners of residential real property located at 102 Etna Street, Brooklyn, New

1

York. (Compl. ¶ 5.) HUD insured Plaintiffs' mortgage of this property, which was originated by the lender Madison Home Equities, Inc. ("MHE"), and then assigned to Chase Mortgage Company West ("Chase"). (Id. ¶ 23.) Plaintiffs instituted the instant action against HUD for its role in an alleged conspiracy to defraud Linda Council and Kimberly Council and other minority, first-time homebuyers in a predatory lending scheme. (Id. ¶¶ 2, 24.)

A.   **Allegations of Wrongdoing by Private Defendants**

In or around August 1998, Linda Council, and her daughter Kimberly Council, African-American prospective homebuyers, contacted Better Homes, Depot, Inc. ("BHD") about becoming first-time homeowners. (Compl. ¶¶ 34-35.) Linda Council spoke with a BHD broker who endeavored to convince her that she should purchase a property far more expensive than what she could in fact afford. (Id. ¶¶ 37-38.)

The BHD broker persuaded the Councils to purchase a property located at 102 Etna Street, in Brooklyn, for $203,477. (Id. ¶¶ 49, 76.) The sale price as represented to the Councils was based on a fraudulently inflated appraisal that MHE had commissioned. (Id. ¶¶ 63-68.) The BHD purchased the house less than six months earlier at $131,000, and had illegally converted the property to a two-family home without permit or inspections. (Id. ¶¶ 56-57, 65.)

BHD referred Plaintiffs to MHE, a lender that BHD routinely used to further BHD's lending scheme. (Id. ¶ 45.) In the application for mortgage insurance submitted to HUD, BHD and MHE falsified Plaintiffs' income, claiming that they earned more than they did. (Id. ¶¶ 47-48.) Plaintiffs purchased 102 Etna Street through a mortgage loan originated by MHE and insured by HUD. (Id. ¶ 76-78.) At the closing on January 18, 1999, an attorney appeared who,

in collusion with BHD and MHE, falsely stated that he represented Plaintiffs, and that he had reviewed the closing documents. (Id. ¶¶ 69-75.)

At the closing, the note and mortgage originated by MHE was assigned to Chase. (Id. ¶ 92.) Chase brought a foreclosure action against Plaintiffs in Kings County Supreme Court, which led to the instant action. (Plaintiffs' Mem. Opp. Mot. Dismiss 21.)

**B.     Allegations of Wrongdoing by HUD**

Pursuant to the National Housing Act ("NHA"), 12 U.S.C. §§ 1708-1709, the Secretary of HUD is authorized to insure mortgages to home buyers who wish to purchase houses but who cannot afford the interim financing to do so. HUD's regulations require that HUD, before accepting or rejecting a mortgage insurance application, review applications submitted for insurance. 24 C.F.R. § 203.255(c)(1)-(7); see also 12 U.S.C. § 1709. Through the Direct Endorsement program, the NHA permits HUD to allow pre-approved lenders to perform appraisals, 12 U.S.C. § 1708(e)(3), and HUD's regulations permit Direct Endorsement lenders to "issue mortgages to be insured by HUD, and allow the sale transaction to close, without first submitting paperwork to HUD." (HUD Mem. Supp. Mot. Dismiss Ex. 2 ("Shaffer Decl.") ¶ 4 (citing 24 C.F.R. §§ 203.3, 203.5(a)).)

Plaintiffs obtained a loan from MHE issued as part of HUD's Direct Endorsement process. (Shaffer Decl. ¶¶ 2-3.) HUD approved MHE as a Direct Endorsement lender beginning in 1994. (Id.) Over a year before this transaction, HUD had sanctioned MHE "for abuse of the FHA loan program by allowing false documents to be submitted which enabled home buyers to borrow beyond their means." (Compl. ¶ 84.)

Plaintiffs allege that HUD is aware that predatory brokers steer victims to predatory lenders, who inflate the purchaser's income and use inflated appraisals of property for the HUD mortgage insurance application. (Id. ¶ 95.) HUD has identified the area in which Plaintiffs' property is located as a "hot zone" for predatory lending practices. (Id. ¶ 97.) However, Plaintiffs maintain, HUD takes no steps to prevent predatory lending schemes, such as warning purchasers of the risks or signs of a predatory sale or loan, ensuring the inclusion of the mandatory "FHA rider" in the contract of sale setting forth the true appraised value of the home, or engaging in due diligence of mortgage insurance applications. (Id. ¶¶ 96-101.)

In this lawsuit, Plaintiffs contend that HUD's "rubber-stamping" of their mortgage insurance application was a necessary element of a transaction that, had due diligence been exercised by HUD, would have been revealed as a predatory lending scheme targeting first-time minority homebuyers. (Id. ¶ 97.) Plaintiffs further claim that HUD's alleged failure to consider the racial impact of its actions in approving the mortgage insurance applications of minority, first-time homebuyers without meaningful review violates the Fair Housing Act's requirement that HUD act "affirmatively to further" fair housing. 42 U.S.C. § 3608(e)(5). (Id. ¶¶ 149-54.) Plaintiffs seek declaratory judgment to this effect, which they allege will assist their defense in the concomitant Chase foreclosure proceeding. (Plaintiffs' Mem. Opp. Mot. Dismiss 21-22.)

## II. DISCUSSION

On January 9, 2006, I issued a Memorandum and Order ("M&O") in a companion case, M&T Mortgage Corp. v. White, No. CV-04-4775, *slip op.* (E.D.N.Y. Jan. 12, 2006), denying a motion to dismiss by HUD that is striking in its factual similarities and identical legal arguments to those presented in the instant motion. In that case, White, a minority, first-time homebuyer in

4

a foreclosure proceeding sought a declaratory judgment that HUD's mortgage insurance application approval violated its own obligations under the FHA. White alleged that declaratory judgment to this effect would advance his defense in the foreclosure proceeding that he was the target of a predatory lending scheme and thus entitled to relief. HUD moved to dismiss pursuant to Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief could be granted.

In the White M&O, I found that the third-party plaintiff had standing sufficient to withstand a Rule 12(b)(1) attack on this court's subject matter jurisdiction over the challenge to HUD's mortgage insurance application procedures. Id. at 11. I then concluded that "the 'affirmatively to further' provision in Section 3608(e)(5) of the Fair Housing Act requires HUD to consider the impact of its pattern of conduct on fair housing for racial minorities," id. at 14, and that a minority, first-time homebuyer who seeks declaratory judgment under the APA that HUD's approval of his mortgage insurance application violated the FHA has "sufficiently pled that the FHA's 'affirmatively to further' provision requires HUD to consider the racial impact of its actions." Id. at 16.

As Plaintiffs have made the same factual allegations as the third-party plaintiff in White, and HUD reiterates the identical arguments that it urged in that case, for this motion I adhere to my analysis and holdings in White. Accordingly, HUD's motion to dismiss must be denied.

## III. CONCLUSION

HUD's motion to dismiss is DENIED.

SO ORDERED.

Dated: January __, 2006       /s/ Nicholas G. Garaufis
       Brooklyn, New York       NICHOLAS G. GARAUFIS
                                         United States District Judge