UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KIMBERLY COUNCIL and LINDA COUNCIL,

      Plaintiffs

  -against-

BETTER HOMES DEPOT, INC., et. al.,

      Defendants.
----------------------------------------------------------------X

MEMORANDUM & ORDER

04 CV 5620 (NGG) (KAM)

GARAUFIS, District Judge.

Plaintiffs Linda Council and Kimberly Council ("Councils" or "Plaintiffs") filed a complaint on December 22, 2004, pleading ten causes of action relating to their purchase of a home in 1999, including multiple acts of fraud, professional malpractice, and violation of the New York State Deceptive Practices Act under General Business Law § 349 ("GBL § 349"), the federal Equal Credit Opportunity Act ("ECOA") under 15 U.S.C. § 1691, the federal Truth in Lending Act ("TILA") as codified in 15 U.S.C. § 1601, and the federal Fair Housing Act ("FHA"). (See Compl. at 3-8.)

On October 14, 2005, some of the Defendants moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for the dismissal of Plaintiff's complaint and co-defendants' cross-claims against Better Homes Depot ("BHD"), Eric Fessler ("Fessler"), Madison Home Equities, Inc. ("MHE"), Nadine Malone ("Malone"), and Paul Yeager ("Yeager"). On August 16, 2006, this court denied those motions. On August 25, 2006, Defendants moved for reconsideration of that denial pursuant to Local Civil Rule 6.3. Defendant Steve Weinstock

joined in that motion. For the reasons set forth below, Defendants' motion for reconsideration is DENIED.

Defendants have not identified any issues of law or fact that require a different outcome in this case. A motion for reconsideration may be granted only on the grounds that the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

With these governing standards in mind, it is clear that Defendants' motion must be denied. Defendants' motion simply rehashes the statute of limitations arguments presented to the court in their original motion papers. Furthermore, the Defendants base their reconsideration motion solely on new factual matters which were not before the court on the underlying motion to dismiss. Specifically, Defendants rely on excerpts of plaintiffs' depositions taken in June 2006, well after the underlying motion had been submitted. The Defendants' motion, therefore, presents facts not properly reviewable by this court on a motion for reconsideration. See Local Rule 6.3; Range Road Music, Inc., 90 F. Supp. 2d at 392.

This court therefore reaffirms its Order dated August 16, 2006. The instant motion for reconsideration of this court's denial of Defendants' motion to dismiss is DENIED.

2

SO ORDERED.

Dated: March 1, 2007                                   /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.                                   Nicholas G. Garaufis
                                                      United States District Judge