UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

M&T MORTGAGE CORP.,                                          CV-04-4775 (NGG)(VVP)

                              Plaintiff,


        -against-                                            OBJECTIONS TO UNITED STATES
                                                             MAGISTRATE JUDGE VIKTOR V.
LEO WHITE et al.,                                            POHORELSKY'S ORDER DATED
                                                             DATED SEPTEMBER 3, 2008
                                                             GRANTING PLAINTIFFS'/THIRD
                              Defendants.                    PARTY PLAINTIFF'S MOTION TO
                                                             DEEM REQUESTS 10, 12,
                                                             13 AND 17 ADMITTED
-----------------------------------------------------------------X

LEO WHITE,

                    Third-Party Plaintiff,


        -against-


BETTER HOMES DEPOT, INC., et al.,


                    Third-Party Defendants.

-----------------------------------------------------------------X
-----------------------------------------------------------------X

LINDA COUNCIL and KIMBERLY COUNCIL,

                                                             CV-04-5620 (NGG/VVP)

                              Plaintiffs,


        -against-


BETTER HOMES DEPOT, INC., et al.,


                              Defendants.
-----------------------------------------------------------------X

Pursuant to Federal Rules of Civil Procedure Rule 72(a), Defendants/Third Party Defendants Better Homes Depot Inc. ("Better Homes") and Eric Fessler (collectively "Defendants") make the following objections to United States Magistrate Judge Viktor v. Pohorelsky's ("Judge Pohorelsky") Order dated September 3, 2009 granting to third-party plaintiff Leo White's ("Mr. White") and plaintiffs Linda Councils and Kimberly Council's (the "Councils" who are collectively referred to herein with Mr. White as the "Plaintiffs") motion to deem Request for Admissions numbered 10, 12, 13 and 17 admitted:

1.      Defendants object to Judge Pohorelsky's finding that the efforts identified by Defendants in attempting to respond to Requests for Admissions numbered 10, 12, 13 and 17 were feeble and insufficient to discharge its obligations to make reasonable inquiry before asserting that it cannot admit or deny the requests as clearly erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

2.      Defendants object to Judge Pohorelsky's finding that the efforts identified by Defendants in attempting to respond to Requests for Admissions numbered 10, 12, 13 and 17 were feeble and insufficient to discharge its obligations to make reasonable inquiry before asserting that it cannot admit or deny the requests because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than the records of their attorneys or review New York City's Automated Register Information System ("ACRIS").

3.      Judge Pohorelsky erred and abused his discretion in finding that the efforts identified by Defendants in attempting to respond to Requests for Admissions numbered 10, 12, 13 and 17 were feeble and insufficient to discharge its obligations to make reasonable inquiry before asserting that it cannot admit or deny the requests because at no time prior to the filing of

Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than the records of their attorneys or review ACRIS.

4.   Defendants object to Judge Pohorelsky's finding that other records were available for review and other inquiries could have been made once Better Homes was unable to obtain any meaningful records from its attorneys as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

5.   Defendants object to Judge Pohorelsky's finding that other records were available for review and other inquiries could have been made once Better Homes was unable to obtain any meaningful records from its attorneys because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

6.   Judge Pohorelsky erred and abused his discretion in finding that other records were available for review and other inquiries could have been made once Better Homes was unable to obtain any meaningful records from its attorneys because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

7.   Defendants object to Judge Pohorelsky's finding that bank records should have been consulted to determine whether Better Homes was involved in the transactions at issue as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

8.   Defendants object to Judge Pohorelsky's finding that bank records should have been consulted to determine whether Better Homes was involved in the transactions at issue

because bank records would not be dispositive on the issue of whether Better Homes took title to a piece of property.

9.   Defendants object to Judge Pohorelsky's finding that bank records should have been consulted to determine whether Better Homes was involved in the transactions at issue because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

10.   Judge Pohorelsky erred and abused his discretion in finding bank records should have been consulted to determine whether Better Homes was involved in the transactions at issue because bank records would not be dispositive on the issue of whether Better Homes took title to a piece of property.

11.   Judge Pohorelsky erred and abused his discretion in finding bank records should have been consulted to determine whether Better Homes was involved in the transactions at issue because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

12.   Defendants object to Judge Pohorelsky's finding that Better Homes should have made an effort to review the records of its co-defendant Madison Home Equities as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

13.   Defendants object to Judge Pohorelsky's finding that Better Homes should have made an effort to review the records of its co-defendant Madison Home Equities because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the

Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

14.     Judge Pohorelsky erred and abused his discretion in finding Better Homes should have made an effort to review the records of its co-defendant Madison Home Equities because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

15.     Defendants object to Judge Pohorelsky's finding that Better Homes should have contacted the original grantors of the properties at issue in an effort to develop more information as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

16.     Defendants object to Judge Pohorelsky's finding that Better Homes should have contacted the original grantors of the properties at issue in an effort to develop more information because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

17.     Judge Pohorelsky erred and abused his discretion in finding Better Homes should have contacted the original grantors of the properties at issue in an effort to develop more information because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

18.     Defendants' object to Judge Pohorelsky's finding that Better Homes should have made an effort to review court files where foreclosure proceedings were brought as clearly

unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

19.     Defendants object to Judge Pohorelsky's finding that Better Homes should have made an effort to review court files where foreclosure proceedings were brought because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

20.     Judge Pohorelsky erred and abused his discretion in finding Better Homes should have made an effort to review court files where foreclosure proceedings were brought because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

21.     Defendants object to Judge Pohorelsky's finding that Eric Fessler should have reviewed Better Homes' bank records, the records of its co-defendant Madison Home Equities, contacted grantors of property and review court foreclosure files as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

22.     Defendants object to Judge Pohorelsky's finding that Eric Fessler should have reviewed Better Homes' bank records, the records of its co-defendant Madison Home Equities, contacted grantors of property and review court foreclosure files because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

23.     Judge Pohorelsky erred and abused his discretion in finding Eric Fessler should have reviewed Better Homes' bank records, the records of its co-defendant Madison Home Equities, contacted grantors of property and review court foreclosure files because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

24.     Defendants object to Judge Pohorelsky's finding that Better Homes should have undertaken the efforts identified in the Court's September 3, 2008 decision in an effort to respond properly to Plaintiffs' Requests as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

25.     Defendants object to Judge Pohorelsky's finding that Better Homes should have undertaken the efforts identified in the Court's September 3, 2008 decision in an effort to respond properly to Plaintiffs' Requests because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

26.     Judge Pohorelsky erred and abused his discretion in finding that Better Homes should have undertaken the efforts identified in the Court's September 3, 2008 decision in an effort to respond properly to Plaintiffs' Requests because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

27.     Defendants object to Judge Pohorelsky's finding that Better Homes failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue as clearly

unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

28.     Defendants object to Judge Pohorelsky's finding that Better Homes failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

29.     Judge Pohorelsky erred and abused his discretion in finding Better Homes failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

30.     Defendants object to Judge Pohorelsky's finding that Better Homes had more than adequate opportunity to undertake the inquiries set forth in the Court's September 3, 2008 Order as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

31.     Defendants object to Judge Pohorelsky's finding that Better Homes had more than adequate opportunity to undertake the inquiries set forth in the Court's September 3, 2008 Order because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

32.     Judge Pohorelsky erred and abused his discretion in finding Better Homes had more than adequate opportunity to undertake the inquiries set forth in the Court's September 3,

2008 Order because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

33.     Defendants object to Judge Pohorelsky's finding that Requests 10, 12, 13 and 17 be deemed admitted by Better Homes as clearly unreasonable, burdensome, erroneous, prejudicial, contrary to law and unsupported by the evidence contained in the record.

34.     Defendants object to Judge Pohorelsky's finding that Requests 10, 12, 13 and 17 be deemed admitted by Better Homes because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

35.     Judge Pohorelsky erred and abused his discretion in finding that Requests 10, 12, 13 and 17 be deemed admitted by Better Homes because at no time prior to the filing of Plaintiffs' February 1, 2008 motion was it ever suggested by the Plaintiffs or directed by the Court that Defendants should consult records other than their attorneys or ACRIS.

36.     Judge Pohorelsky erred and abused his discretion by not providing additional time to Defendants to conduct the additional inquiries set forth in the Court's September 3, 2008 Order.

Dated: Valhalla, New York
      September 15, 2008

               Respectfully submitted,


               THE LAW OFFICES OF STEVEN C. BAGWIN


By: _____
               Steven C. Bagwin, Esq. (SCB 7342)
               Attorneys for Defendants/Third-Party Defendants
               Better Homes Depot, Inc., and Eric Fessler
               100 Summit Lake Drive
               Valhalla, New York 10595
               (914) 747-7070

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of Defendants/Third-Party Defendants Better Homes Depot Inc.'s and Eric Fessler's Objections to United States Magistrate Judge Viktor V. Poherelsky' Order Dated September 3, 2008 was served via Electronic Court Filing this 15th day of September, 2008, upon the following:

Richard J. Wagner Esq.
Brooklyn Legal Services Corporation A
Attorneys for Plaintiffs/Third Party Plaintiff

Peter Cross, Esq.
Jacob, Medinger & Finnegan, LLP
Attorneys for Plaintiffs/Third Party Plaintiff

Steven Cohn, Esq. and Melissa Lenowitz, Esq.
Law Offices of Steven Cohn, P.C.
Attorneys for Defendants/Third Party Defendants Madison Home Equities, Nadine Malone and Michael Rindenow

Scott E. Kossove, Esq.
L'Abbate, Balken, Colavita & Contini, L.L.P.
Attorneys for Defendants/Third Party Defendants Ackerman, Raphan & Sultzer and Neal Sultzer

Evelyn H. Seeler, Esq.
Buchanan Ingersoll, P.C.
Attorneys for Plaintiff M & T Mortgage Corp.

Nicholas G. Kaizer, Esq.
Law Offices of Richard Ware Levitt
Attorneys for Defendants/Third Party Defendants
Christopher Liano, Robert Dosch and CLA, Inc

Chris Rosado, Esq.
Miller, Rosado & Algios, LLP
Attorneys for Defendants/Third Party Defendant
Paragon Abstract, Inc.

Edward K Newman, Esq.
United State Attorney's Office, EDNY
Attorneys for Defendant/Third Party Defendant United States Department of Housing
and Urban Development

Gerald DiChiara, Esq.
Law Offices of Gerald DiChiara
Attorneys for Defendant/Third Party Defendant Gail Zucker

Jordan Sklar, Esq.
Babchik & Young, LLP
Attorneys for Defendant Stephen Weinstock


      I declare under penalty of perjury that all of the statements made in this

Certificate of Service are true and correct.


Dated: Valhalla, New York
       September 15, 2008

                         Steven C. Bagwin